UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| FARHA DALLAL-RAWHI, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 1:23-cv-01240-TWP-TAB |
| | ) |
| DENNIS QUAKENBUSH, | ) |
| | ) |
| Respondent. | ) |

**Order Granting Respondent's Motion to Dismiss**

This matter is before the Court on Respondent Dennis Quakenbush's ("Defendant") moved Motion to Dismiss p*ro se* Petitioner Farha Dallal-Rawhi's ("Dallal-Rawhi") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Dallal-Rawhi initiated this action challenging her custody while she awaits trial for armed robbery, theft, and other charges in Hamilton County case 29C01-2203-F3-001576. Defendants eeks dismissal of the petition based on Dallal-Rawhi's failure to exhaust available state-court remedies and the abstention doctrine established in *Younger v. Harris*, 401 U.S. 37 (1971). For the reasons below, the motion to dismiss is **granted**, and the petition for a writ of habeas corpus is **dismissed without prejudice**.

I.     **Applicable Law**

Criminal defendants incarcerated awaiting trial by a state court may seek a writ of habeas corpus from federal courts in limited circumstances. 28 U.S.C. § 2241(c)(3); *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000); *see also Jackson v. Clements*, 796 F.3d 841, 843 (7th Cir. 2015) ("The appropriate vehicle for a state pre-trial detainee to challenge his detention is § 2241."). In general, however, federal courts must abstain from interfering in state court criminal proceedings if the state court provides an adequate opportunity to raise the federal claims and

"no exceptional circumstances exist that would make abstention inappropriate." *Stroman Realty, Inc. v. Martinez*, 505 F.3d 658, 662 (7th Cir. 2007) (citing *Younger*, 401 U.S. at 43). Relief for state pretrial detainees through a federal petition for a writ of habeas corpus is generally limited to speedy trial and double jeopardy claims, and only after the petitioner has exhausted available state-court remedies. *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 489−92 (1973); *Olsson v. Curran*, 328 Fed. Appx. 334, 335 (7th Cir. 2009).

## II.     Discussion

Dallal-Rawhi raises numerous challenges to her detention, including a vague reference to her right to a speedy trial. (Dkt. 1 at 8). Most of her claims relate to sovereign-citizen arguments that have been soundly rejected by the Seventh Circuit. *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011). Respondent argues that although Dallal-Rawhi has filed numerous motions in her state court case, she has not appealed any of the trial court's rulings. Dkt. 9 at 8, citing dkt. 9-1. Nor has she responded to rebut their evidence, and the time to do so has passed.

Because she has not exhausted available state court remedies, Dallal-Rawhi's petition for a writ of habeas corpus must be **DISMISSED without prejudice**.[1] Nothing in this Order will prevent Dallal-Rawhi from litigating a new petition for a writ of habeas corpus after exhausting available state-court remedies.

## III.     Certificate of Appealability

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 580 U.S. 100, 115 (2017). Instead, a state prisoner must first obtain a certificate of appealability. 28 U.S.C. § 2253(c)(1). This is true also for a petitioner who challenges his pretrial detention following an indictment or preliminary

---

[1] Because the petition is unexhausted, the Court does not address the alternative argument for dismissal based on *Younger v. Harris*, 401 U.S. 37 (1971).

judicial hearing. *Evans v. Circuit Court of Cook County Illinois*, 569 F.3d 665, 666 (7th Cir. 2009) (holding that such detention "'arises out of process issued by a State court'" (quoting 28 U.S.C. § 2253(c)(1)(A)).

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In deciding whether a certificate of appealability should issue, "the only question is whether the applicant has shown that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck*, 580 U.S. at 115 (cleaned up).

Rule 11(a) of the Rules Governing Section 2254 Proceedings in the United States District Courts requires the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." No reasonable jurist would disagree that Dallal-Rawhi's petition is unexhausted. Therefore, a certificate of appealability is **DENIED**.

### IV.   Conclusion

Respondent's motion to dismiss, dkt. [9], is **GRANTED**. Dallal-Rawhi's petition for a writ of habeas corpus is **DISMISSED without prejudice.** No certificate of appealability shall issue.

Final judgment in accordance with this Order shall now issue.

**IT IS SO ORDERED.**

Date: 3/11/2024

_____
Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

FARHA DALLAL-RAWHI
HAMILTON COUNTY JAIL
Inmate Mail
18102 Cumberland Rd
Noblesville, IN 46060


Sierra A. Murray
INDIANA ATTORNEY GENERAL
sierra.murray@atg.in.gov